IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| ANATOLY YELIN, | : | |
|---|---|---|
| | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| LOUIS B. SWARTZ, ESQUIRE, and | : | NO. 11-00089 |
| SWARTZ, LOVEJOY & ASSOCIATES, LLP, | : | |
| | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM**

BUCKWALTER, S.J.                                                                                                 March 23, 2011

      Currently pending before the Court is Defendants Louis B. Swartz and Swartz, Lovejoy & Associates, LLP's (collectively "Defendants") Motion to Dismiss Plaintiff Anatoly Yelin's ("Plaintiff") Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the Motion is denied.

**I. FACTUAL AND PROCEDURAL HISTORY**

      In December 2009, Plaintiff rented a car from Econo Car Rental, Inc. ("ECRI") for personal use while he and his family vacationed in Aruba. (Compl. ¶¶ 14-15.) On December 30, 2009, Plaintiff was involved in a motor vehicle accident, which caused damage to the rental car. (Id. ¶¶ 16-17.) ECRI demanded that Plaintiff pay for the repairs to the vehicle, but Plaintiff refused, claiming that the other driver was at fault. (Id. ¶¶ 16-23.)

      When Plaintiff returned home, he received a letter from ECRI demanding payment for the damage. (Id. ¶ 25.) In early March 2010, Plaintiff's attorney negotiated with ECRI in an attempt to resolve the dispute, but the parties were unable to reach an agreement. (Id. ¶¶ 26-30.) On May

7, 2010, Plaintiff's attorney received a letter from Defendants, stating that they represented ECRI in connection with a claim for $3,595.28 against Plaintiff. (Id. ¶ 31.) On May 18, 2010, Defendants sent a similar letter directly to Plaintiff, stating that litigation would commence against him if he did not arrange to pay his debt of $3,595.28 within seven days. (Id. ¶¶ 32-34.) Plaintiff never paid any money in conjunction with the December 30, 2009 automobile accident, but no lawsuit was ever filed against him. (Id. ¶¶ 37-39.)

Plaintiff filed his Complaint on January 6, 2011, claiming that the means used by Defendants to collect the money allegedly owed to ECRI violated various provisions of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692, et seq., the Pennsylvania Fair Credit Extension Uniformity Act ("FCEUA"), 73 Pa. C.S. §§ 2270 et seq., and the Unfair Trade Practices and Consumer Protection Law ("UTPCPL"), 73 Pa. C.S. §§ 201.1 et seq. (Id. ¶¶ 1, 56-74.) Defendants filed the current Motion to Dismiss on January 20, 2011, and Plaintiff filed a Response in Opposition on January 30, 2011.

## II.     STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a defendant bears the burden of demonstrating that the plaintiff has not stated a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6); see also Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005). In Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007), the United States Supreme Court recognized that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 555. It emphasized that it would not require a "heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." Id. at 570.

In the subsequent case of Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009), the Supreme Court enunciated two fundamental principles applicable to a court's review of a motion to dismiss for failure to state a claim. First, it noted that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 1949. Thus, although "[Federal] Rule [of Civil Procedure] 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era . . . it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Id. at 1950. Second, the Supreme Court emphasized that "only a complaint that states a plausible claim for relief survives a motion to dismiss." Id. "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.

Notwithstanding the foregoing, nothing in Twombly or Iqbal has altered some of the fundamental underpinnings of the Rule 12(b)(6) standard of review. Arner v. PGT Trucking, Inc., No. CIV.A.09-0565, 2010 WL 1052953, at *2 (W.D. Pa. Mar. 22, 2010); Spence v. Brownsville Area Sch. Dist., No. CIV.A.08-0626, 2008 WL 2779079, at *2 (W.D. Pa. Jul. 15, 2008). Federal Rule of Civil Procedure 8 requires only a short and plain statement of the claim showing that the pleader is entitled to relief and need not contain detailed factual allegations. FED. R. CIV. P. 8; Phillips v. Cnty. of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008). Further, the court must "accept all factual allegations in the complaint as true and view them in the light most favorable to the plaintiff." Buck v. Hampton Twp. Sch. Dist., 452 F.3d 256, 260 (3d Cir. 2006). Finally, the court must "determine whether, under any reasonable reading of the complaint, the

plaintiff may be entitled to relief." Pinkerton v. Roche Holdings Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002).

### III. DISCUSSION

Defendants move to dismiss all of Plaintiff's claims arising under the FDCPA, FCEUA, and UTPCPL. The Court considers Defendants' arguments in the context of each of these three statutes.

#### A. FDCPA

The FDCPA was enacted "'to protect consumers from a host of unfair, harassing, and deceptive collection practices without imposing unnecessary restrictions on ethical debt collectors.'" FTC v. Check Investors, Inc., 502 F.3d 159, 165 (3d Cir. 2007) (quoting Staub v. Harris, 626 F.2d 275, 276-77 (3d Cir. 1980) (internal quotations omitted)). Under the FDCPA, "debt" is defined as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." 15 U.S.C. § 1692a(5).

In this case, Defendants argue that Plaintiff has failed to state an FDCPA claim because the money he owes does not qualify as a "debt" under the statute. (Defs.' Br. Supp. Mot. Dismiss ("Defs.' Br.") 5.) In support of this argument, they cite to Zimmerman v. HBO Affiliate Grp., 834 F.2d 1163 (3d Cir. 1987). (Defs.' Br. 5.) In Zimmerman, the Third Circuit found "that the type of transaction which may give rise to a 'debt' as defined in the FDCPA, is the same type of transaction as is dealt with in all other subchapters of the Consumer Credit Protection Act, i.e., one involving the offer or extension of credit to a consumer." 834 F.2d at 1168. As such, money

owed in conjunction with tort liability does not meet the FDCPA's definition of "debt." Id. Defendants contend that they "were attempting to recover for property damage to [ECRI's] motor vehicle allegedly caused by Plaintiff's negligence – a prime example of 'asserted tort liability' that the Zimmerman court held is not 'consumer debt' for purposes of the FDCPA." (Defs.' Br. 5-6.)

As Plaintiff notes, however, Zimmerman's definition of "debt" was dismissed as dictum by the Third Circuit in Pollice v. Nat'l Tax Funding, L.P., 225 F.3d 379, 401 (3d Cir. 2000). (Pl.'s Resp. Opp'n 7 n.7.) In Pollice, the court held that "the plain meaning of section 1692a(5) indicates that a 'debt' is created whenever a consumer is obligated to pay money as a result of a transaction whose subject is primarily for personal, family or household purposes. No 'offer or extension of credit' is required." 225 F.3d at 401.

Furthermore, contrary to Defendants' argument, Plaintiff's alleged financial obligation is not a matter of tort liability. Rather, if Plaintiff is responsible for the damage to the rental car, it is because such a duty was imposed by the rental agreement, which is a contract. Because of the contractual relationship between Plaintiff and ECRI, this case is distinguishable from Hawthorne v. Mac Adjustment, Inc., 140 F.3d 1367 (11th Cir. 1998), which Defendants also cite in support of their argument that Plaintiff's obligation is not a debt. (Defs.' Br. 6-7.) In Hawthorne, the appellant was involved in a car accident with a third party, and the appellee attempted to collect damages from the appellant on behalf of the third party's insurance company. 140 F.3d at 1369. The Eleventh Circuit found that the money that the appellant allegedly owed was not a debt because it did "not arise out of a consumer transaction; it [arose] from a tort. In conducting herself in an allegedly negligent manner that precipitated an accident, [the appellant] engaged in

5

no consumer transaction. She neither purchased nor used goods and services." Id. at 1371. Although Hawthorne shares factual similarities with present matter, the crucial distinction between the two cases is the legal basis for recovery. In Hawthorne, there was no preexisting relationship – a consumer transaction – between the appellant and the appellee. In the absence of such a transaction, the Eleventh Circuit found that the plaintiff failed to meet the FDCPA's definition of debt. Here, however, the fact that Plaintiff contracted with ECRI for the use of the rental car establishes the existence of a transaction between the two parties and renders Hawthorne inapposite.

In sum, under the definition of "debt" set forth in the FDCPA and clarified by the Third Circuit in Pollice, it is clear that Plaintiff is a consumer[1] whose obligation arises out of a transaction (the rental agreement) in which the property or services (the use of the rental car) were primarily for personal purposes. Therefore, the Court finds that the money allegedly owed by Plaintiff to ECRI constitutes a "debt" under the FDCPA, and denies Defendants' Motion to Dismiss this claim.

### B. FCEUA

The FCEUA states that "[i]t shall constitute an unfair or deceptive debt collection act or practice under this act if a debt collector violates any of the provisions of the Fair Debt Collection Practices Act." 73 PA. CONS. STAT. § 2270.4(a). Here, Defendants argue that because Plaintiffs have failed to state a claim pursuant to the FDCPA, his FCEUA claim must also fail. (Defs.' Br. 8.) As discussed in the previous section, however, the Court finds that Plaintiff's

---

[1] The term "consumer" simply refers to "any natural person obligated or allegedly obligated to pay any debt." 15 U.S.C. § 1692a(3).

FDCPA claim is valid, and so the FCEUA claim cannot be dismissed on this basis.

In addition, Defendants note that when a debt collector engages in unfair debt collection practices under the FCEUA, he or she also violates the UTPCPL. (Id. at 8-9; see 73 PA. CONS. STAT. § 2270.5(a) ("If a debt collector or creditor engages in an unfair or deceptive debt collection act or practice under this act, it shall constitute a violation of . . . the Unfair Trade Practices and Consumer Protection Law.").) An action for damages is available under the UTPCPL to "[a]ny person who purchases or leases goods or services primarily for personal, family or household purposes and thereby suffers any ascertainable loss of money or property, real or personal." 73 PA. CONS. STAT. § 201-9.2. In this case, Defendants argue that because Plaintiff has not made any payments in conjunction with the damage to the rental car, he has failed to show "any ascertainable loss of money or property." (Defs.' Br. 9.)[2]

This argument lacks merit for several reasons. First, the fact that Plaintiff did not pay for the damage to the rental car does not foreclose the possibility that he experienced other forms of financial loss in connection with Defendants' attempt to collect the debt. Furthermore, Plaintiff notes that at the pleading stage, he "is not obligated to prove [his] case, but is only required to allege that he has suffered damages." (Pl.'s Resp. Opp'n 13.) Indeed, the Complaint itself states that Plaintiff was financially damaged by Defendants' conduct and requests "actual damages" as

---

[2] Defendants also argue that Plaintiff cannot satisfy the "loss of money or property" requirement via his claim for "extreme aggravation, frustration, anxiety, harassment, intimidation, and annoyance." (Defs.' Br. 9-10 (quoting Compl. ¶ 47).) It is true that damages for emotional distress are not recoverable under the UTPCPL. Krisa v. Equitable Life Assurance Soc'y, 113 F. Supp. 2d 694, 706-07 (M.D. Pa. 2000). They are, however, recoverable under the FDCPA. See Armbruster v. Hecker, No. CIV.A3:06-1149, 2010 WL 1643599, at *2 (M.D. Pa. Apr. 22, 2010) (citing 15 U.S.C. § 1692k(a)(1)). Because Plaintiff has properly stated an FDCPA claim, the Court declines to dismiss his request for emotional distress damages on the basis that the UTPCPL does not provide such a remedy.

a form of relief. (Compl. ¶ 48; id. at 11.)³ The Court finds that Plaintiff has satisfied his burden of pleading damages, and therefore denies Defendants' Motion to Dismiss Plaintiff's FCEUA claim.

   3.     UTPCPL

Relying on Beyers v. Richmond, 937 A.2d 1082 (Pa. 2007), Defendants' sole argument in support of its Motion to Dismiss Plaintiff's UTPCPL claim is that, as attorneys engaged in the practice of law, the statute does not apply to them. (Defs.' Br. 10-11.) In Beyers, the appellee was a woman who brought a UTPCPL claim against her attorneys, the appellants, after they had misappropriated settlement funds from her personal injury action. 937 A.2d at 1084-85. The Supreme Court of Pennsylvania rejected her claim, reasoning that because the Pennsylvania General Assembly does not have constitutional authority to regulate the practice of law, "any application of the UTPCPL to the facts of this case would purport to regulate the conduct of attorneys and would be an impermissible encroachment upon the power of this Court." Id. at 1091. As such, the Pennsylvania Supreme Court held that an attorney's "conduct in collecting and distributing settlement proceeds does not fall within the purview of the UTPCPL, but rather within this Court's exclusive regulatory powers." Id. at 1093. Here, Defendants argue that their attempt to recover the money allegedly owed by Plaintiff was part of their legal representation of ECRI, and therefore not subject to the UTPCPL.

---

   ³ The defendants in Whiteman v. Burton Neil & Assoc., P.C., No. CIV.A.3:07-2289, 2008 WL 4372842, at *3 (M.D. Pa. Sept. 19, 2008), also moved to dismiss a UTPCPL claim on the ground that the plaintiff did not suffer actual damages. Id. The court denied the defendant's motion, holding that because "Plaintiff seeks actual damages in the complaint. . . . it is too early at this point for us to rule that she has none." Id.

In response, Plaintiff contends that Beyers, a plurality opinion, is of limited precedential value and distinguishable from the present case. (Pl.'s Resp. Opp'n 14-15.) He notes that Beyers involved the defendants' mishandling of their own client's settlement proceeds, whereas Defendants in this case are not his attorneys and were attempting to collect a debt owed to a third party. (Id.) This distinction is important, Plaintiff argues, because the Eastern District of Pennsylvania has previously allowed for the application of the UTPCPL to attorneys who engage in debt collection. (Id. at 15.) In Daniels v. Baritz, No. CIV.A.02-7929, 2003 WL 21027238, at *6 (E.D. Pa. Apr. 30, 2003), the defendant argued that the plaintiff's "UTPCPL claim must fail since, as an attorney acting within the course of his legal work, he is precluded from liability." Id. The court disagreed, holding that because the "UTPCPL claim challenges [the defendant's] debt-collection practices, and not the sufficiency of his legal representation . . . we conclude that [the plaintiff's] UTPCPL claim against [the defendant] does not warrant dismissal at this juncture." Id.

Defendants suggest that the Beyers opinion has overruled Daniels. (Defs.' Br. at 10-11.) The Beyers court, however, specifically addressed the decision in Daniels and noted that it was distinguishable from the facts presented to it. Beyers, 937 A.2d at 1089. Nowhere in Beyers did the Supreme Court of Pennsylvania hold that an attempt to collect a debt constitutes the practice of law.[4] To the contrary, the court acknowledged that debt collection was "an act in trade or

---

[4] The Pennsylvania Supreme Court's own definition of what constitutes the practice of law provides further support for the argument that the holding in Beyers does not apply to attorneys engaged in debt collection. In Harkness v. Unemployment Comp. Bd. of Review, 920 A.2d 162, 167 (Pa. 2007), the court identified

> three broad categories of activities that may constitute the practice of law: (1) the instruction and advising of clients in regard to the law so that they may pursue their

9

commerce" within the meaning of the UTPCPL. Id. (citing Daniels, 2003 WL 21027238, at *5). Therefore, in determining whether a plaintiff has stated a claim under the UTPCPL, the proper focus is on the act described in the complaint. If the complaint does not allege that the defendant committed misconduct during the course of practicing law, the mere fact that the defendant happens to be an attorney will not bar a UTPCPL claim.[5]

Here, as in Daniels, Plaintiff seeks only to challenge Defendants' debt-collection practices, not the adequacy of their legal representation. Because disposition of this claim would not infringe upon the Pennsylvania Supreme Court's exclusive power to regulate the conduct of Pennsylvania attorneys, Defendants' Motion to Dismiss Plaintiff's claim under the UTPCPL is denied.

## IV. CONCLUSION

Based on the foregoing, the Court finds that the money allegedly owed by Plaintiff

---

affairs and be informed as to their rights and obligations; (2) the preparation of documents for clients requiring familiarity with legal principles beyond the ken of ordinary laypersons; and (3) the appearance on behalf of clients before public tribunals in order that the attorney may assist the deciding official in the proper interpretation and enforcement of the law.

Id. at 167 (citing Shortz v. Farrell, 193 A. 20, 21 (Pa. 1937)). The mere attempt to collect a debt, without more, does not fall into any of these three categories.

[5] The language used in Beyers provides support for the argument that the Pennsylvania Supreme Court did not intend to prohibit categorically the application of the UTPCPL to attorneys. See 937 A.2d at 1091 ("[A]ny application of the UTPCPL *to the facts of this case* would purport to regulate the conduct of attorneys.") (emphasis added); id. at 1092 ("We hold Pennsylvania's Rules of Professional Conduct and Rules of Disciplinary Enforcement exclusively address *the conduct complained of in this case*.") (emphasis added); id. at 1093 ("We hold appellants' conduct in *collecting and distributing settlement proceeds does not fall within the purview of the UTPCPL*, but rather within this Court's exclusive regulatory powers.") (emphasis added). The plurality's careful limitation of its holding underscores the importance of context in determining whether the UTPCPL can be applied to the conduct of an attorney.

constitutes a "debt" for the purposes of the FDCPA, that Plaintiff has adequately pleaded a loss of money or property in order to sustain an FCEUA claim, and that Plaintiff has stated a claim under the UTPCPL because Defendants were not engaged in the practice of law when they attempted to collect Plaintiff's debt. Defendants' Motion to Dismiss Plaintiff's Complaint is therefore denied in its entirety.

An appropriate Order follows.